# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOEL MCNEAL,

            Petitioner,

v.

JENNIFER MCDERMOTT,

            Respondent.

Case No. 18-CV-1966-JPS

**ORDER**

On December 12, 2018, Petitioner Joel McNeal ("McNeal") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his continued incarceration in the custody of the State of Wisconsin is a violation of his constitutional rights. (Docket #1). The Court will now turn to screening the petition under Rule 4 of the Rules Governing Section 2254 Proceedings. Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." The Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.[1]

---

[1] McNeal also moved for leave to proceed without prepayment of the filing fee, (Docket #2), and attached a prisoner trust account statement that reflects an average monthly deposit of $7.31, and an average monthly balance, after expenses

According to McNeal's petition and the state court docket, on December 18, 2014, McNeal was found guilty of one count of sexual assault, one count of strangulation and suffocation, one count of false imprisonment, and two counts of victim intimidation in Milwaukee County Circuit Court Case Nos. 2014CF2569 and 2014CF4618.[2] He was sentenced on February 26, 2015, and is currently serving a fourteen year prison sentence. On March 6, 2015, he filed a notice of intent to pursue post-conviction relief. On January 5, 2016, he filed a motion for post-conviction relief and evidentiary hearing, which was denied on March 9, 2016. On March 25, 2016, McNeal noticed an appeal. The Court of Appeals affirmed the trial court's decision on April 18, 2017. The Supreme Court denied review on September 13, 2017. The Court of Appeals affirmed the judgment on a remittitur on October 6, 2017.

As part of its Rule 4 review, the Court first considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari.

---

are covered, of $.06. (Docket #3). The Court is satisfied that McNeal does not have the means to pay the $5.00 filing fee at this time, and will grant the motion.

McNeal also filed a motion to compel an order from the Court. (Docket #10). In light of the Court's screening order, this motion to compel will be denied as moot.

[2] These two cases were joined in the state trial court.

*See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012). "In Wisconsin, a direct challenge to a conviction becomes 'final' the day the [r]emittitur issues." *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005) (citing Wis. Stat. § 809.26; *State ex rel. Fuentes v. Wis. Ct. of App.*, 593 N.W.2d 48, 51 (1999)).

The order affirming judgment on the remittitur issued on October 6, 2017, which means McNeal had 90 days after that date to seek certiorari from the Supreme Court. The habeas clock began to run the day after that period expired, on January 4, 2018. This petition was filed on December 12, 2018, putting it within the one-year deadline prescribed by 28 U.S.C. § 2244(d)(1)(A). Accordingly, the petition is timely.

Next, the Court analyzes whether McNeal fully exhausted his state court remedies. A district court may not address claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, McNeal appears to have exhausted his state court remedies. On April 18, 2017, the Wisconsin Court of Appeals issued an order affirming the convictions for second-degree sexual assault; strangulation

and suffocation; and false imprisonment and the trial court's denial of McNeal's motion for postconviction relief. *State v. McNeal*, 2016AP633, 2017 WL 1382890 (Wis. Ct. App. Apr. 18, 2017). The Wisconsin Court of Appeals did not evaluate the two counts of witness intimidation because they deemed those claims waived when McNeal failed to advance any arguments in support of them. *Id.* at *1 n.1. The Court addressed the following asserted bases of ineffective assistance of counsel: failure to impeach the victim; failure to investigate a source of exculpatory testimony; failure to request a pre-trial hearing to introduce evidence of prior sexual history with the victim; and failure to expose the victim's motive to lie. *Id.* at 1.

In his habeas petition, McNeal asserts the following grounds for ineffective assistance of counsel: failure to impeach the victim using police and medical reports and the petition for a restraining order; failure to interview an exculpatory witness; failure to introduce evidence of prior sexual history with the victim; and failure to expose the victim's motive to fabricate charges. (Docket #1 at 8–11; *McNeal*, 2017 WL 1382890, at *8, *12–15). Since the record reflects that these are the issues that the Wisconsin Court of Appeals considered and the Supreme Court declined to review, the Court concludes that they have been fully exhausted.

The Court will now analyze whether McNeal has procedurally defaulted on either of his claims. "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Functionally, procedural default arises when the petitioner either (1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim

procedurally barred, or (2) presented his claim to the state courts but the state court dismissed the claim on an independent and adequate state procedural ground. *Perruquet*, 390 F.3d at 514; *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002); *Chambers v. McCaughtry*, 264 F.3d 732, 737–38 (7th Cir. 2001). Neither circumstance appears to have arisen in this case, and so the Court will not dismiss McNeal's claims at this time on the basis of procedural default.

The Court concludes its Rule 4 review by screening for patently frivolous claims in McNeal's petition. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of his claims, it does not plainly appear that they are frivolous.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's motion to compel an order (Docket #10) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

**IT IS FURTHER ORDERED** that Petitioner shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the Clerk of the Court, Petitioner need not mail to counsel for Respondent copies of documents submitted to the Court.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will

provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 9th day of October, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge